## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA

TIMOTHY DANIEL, on behalf of himself and others similarly situated,

    *Plaintiff,*

v.

LOVE YOUR BATH LLC,

    *Defendant.*

CIVIL ACTION FILE NO.

**COMPLAINT – CLASS ACTION**

**JURY TRIAL DEMANDED**

Plaintiff Timothy Daniel (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of his counsel, and on information and belief, as follows:

### NATURE OF ACTION

1.      Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from

telemarketers' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' *id.* § 2(9).

2.      Plaintiff brings this action to enforce the consumer-privacy provisions of the TCPA alleging that Defendant violated the TCPA by making telemarketing calls to Plaintiff and other putative class members who requested not to be contacted. Plaintiff also alleges that Defendant used automated systems to make telemarketing calls into Florida and that by doing so Defendant violated the provisions of the Florida Telephone Solicitations Act, Fla. Sta § 501.059 ("FTSA").

3.      The recipients of Defendant's illegal calls, which include Plaintiff and the proposed class, are entitled to damages under the TCPA and FTSA, and because the technology used by Defendant makes calls *en masse*, the appropriate vehicle for their recovery is a class action lawsuit.

## PARTIES

4.      Plaintiff is a resident of Volusia County, Florida.

5.      Defendant is a limited liability company headquartered in Tampa, Hillsborough County, Florida.

## JURISDICTION AND VENUE

6.      This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*. The Court also has supplemental jurisdiction over the state law claims.

2

7.      This Court has general jurisdiction over Defendant because it resides here, and specific personal jurisdiction over Defendant because it made calls to Plaintiff who resides in this District.

8.      Venue is proper pursuant to 28 U.S.C. § 1391 because the telephone calls at issue were sent into this District.

## TCPA BACKGROUND

The TCPA

9.      The TCPA specifically required the Federal Communication Commission ("FCC") to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

10.     The FCC was instructed to "compare and evaluate alternative methods and procedures (including the use of . . . company-specific 'do not call systems . . .)" and "develop proposed regulations to implement the methods and procedures that the Commission determines are most effective and efficient to accomplish purposes of this section." *Id.* at (c)(1)(A), (E).

11.     Pursuant to this statutory mandate, the FCC established company-specific "do not call" rules. *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 7 F.C.C. Rcd. 8752 (Oct. 16, 1992) ("TCPA Implementation Order").

3

12. These regulations are codified at 47 C.F.R. §§ 64.1200(d)(1)-(7). Specifically, these regulations require a company to keep a written policy, available upon demand, for maintaining a do not call list, train personnel engaged in telemarketing on the existence and use of its internal do not call list, and record and honor "do not call" requests for no less than five years from the time the request is made. 47 C.F.R. §§ 64.1200(d)(1, 2, 3, 6).  This includes the requirement that "[a] person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity can be contacted." 47 C.F.R. § 64.1200(d)(4).

The Florida Telephone Solicitations Act

13. The Florida Telephone Solicitation Act ("FTSA"), Fla. Stat. § 501.059 was amended by Senate Bill No. 1120 on July 1, 2021.

14. It is a violation of the FTSA to "make or knowingly allow a telephonic sales call to be made if such call involves an automated system for the selection and dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called without the prior express written consent of the called party." Fla. Stat. § 501.059(8)(a).

15. A "telephonic sales call" is defined as a "telephone call, text message, or voicemail transmission to a consumer for the purpose of soliciting a sale of any

4

consumer goods or services, soliciting an extension of credit for consumer goods or services, or obtaining information that will or may be used for the direct solicitation of a sale of consumer goods or services or an extension of credit for such purposes." Fla. Stat. § 501.059(1)(i).

16.    Pursuant to § 501.059(10)(a) of the FTSA, damages are available at a minimum of $500.00 for each violation.

## FACTUAL ALLEGATIONS

17.    Defendant is a "person" as the term is defined by 47 U.S.C. § 153(39).

18.    Plaintiff's telephone number is (386) XXX-XXXX.

19.    Plaintiff did not consent to being contacted by Defendant.

20.    Despite this, Plaintiff received over forty calls from Defendant in March and April 2026.

21.    Defendant called Plaintiff from various (386) 222-XXXX telephone numbers.

22.    On March 17, 2026, Plaintiff received a call from Defendant at (386) 222-0826.

23.    Plaintiff answered the call, and told Defendant he was not interested in their products and asked not to be contacted again.

24.    Despite this, Defendant continued to contact Plaintiff from this telephone number and three other telephone numbers.

25.    Defendant called Plaintiff from this telephone number twice on March 24, and again on March 27, March 30, March 31 (two calls), April 1 (two calls), April 8, April 9, and April 13.

26.    Plaintiff then received a call from Defendant from this number on April 23.

27.    Plaintiff answered the call and told Defendant to stop contacting him.

28.    Despite this request, Defendant called Plaintiff again on April 23.

29.    Plaintiff also received calls from Defendant from telephone number (386) 222-0386.

30.    The calls were made by Defendant on March 20, March 24, March 26, March 27, March 31, April 1, April 6, and April 14.

31.    Plaintiff rejected all of these calls.

32.    Plaintiff also received calls from Defendant from telephone number (386) 222-0838.

33.    The calls were made on March 21 (four calls), March 22 (two calls), March 26, March 31, April 3, April 4 (two calls), April 13, and April 18.

34.    Finally, Plaintiff received calls from Defendant from telephone number (386) 222-0850.

35.    Defendant called Plaintiff on March 19, and Plaintiff told Defendant not to contact him.

36.    Despite this request, Defendant called Plaintiff on March 23, March 25, March 27, March 31, April 17, and April 21.

37.    Plaintiff repeatedly clearly communicated to Defendant on three occasions that he did not wish to be contacted, however, the Defendant disregarded Plaintiff and continued to call him numerous times.

38.    The calls were made for telemarketing purposes and promoted Defendant's bathroom and shower remodeling services.

39.    During multiple calls and voicemail messages, Defendant's representatives identified themselves as calling from "Love Your Bath" or "Jacuzzi by Love Your Bath" and stated that they were calling regarding bathroom remodeling, bathtub remodeling, and shower remodeling services.

40.    During the calls, Defendant's representatives repeatedly urged Plaintiff to return the calls to discuss remodeling projects and services with Defendant.

41.    For example, on or about March 26, 2026, Defendant left Plaintiff a voicemail stating: "this is Karina from Jacuzzi by Love Your Bath" and that Defendant was calling "regarding an inquiry that we received on a bathroom shower remodel."

42.    On or about April 1, 2026, Defendant left another voicemail stating that Defendant was calling because Plaintiff was "interested in remodeling a shower or

bathtub" and requested that Plaintiff call Defendant back "so we can discuss your upcoming project.".

43.　On another occasion, Defendant stated in a voicemail message that it was calling "regarding the increased bathtub shower remodel project you are considering" and instructed Plaintiff to call Defendant back at 407-305-7719.

44.　Plaintiff never submitted any inquiry or request to Defendant regarding bathroom remodeling services and never provided Defendant with prior express written consent to receive telemarketing calls.

45.　Plaintiff did not consent to the calls.

46.　The calls were sent to generate sales, increase traffic to Defendant's website, and promote Defendant's products and brand.

47.　Defendant benefitted from the calls by promoting sales, advertising products, and driving consumer engagement.

48.　Defendant continued calling despite Plaintiff's clear indication that the calls were unwanted.

49.　Defendant's repeated calls displayed hallmarks of an automated telemarketing campaign, including repeated calls from multiple telephone numbers, substantially similar scripted voicemail messages, repeated use of the same callback number.

50.    Consistent with that, Defendant utilized an automated system for the selection and dialing of telephone numbers because the calls were made in rapid succession across numerous dates, from multiple originating telephone numbers, and delivered substantially uniform telemarketing messages as part of a coordinated marketing campaign.

51.    Several voicemail messages also included automated prompts instructing the recipient to "press one," "press seven," "press nine," or otherwise interact with an automated system following the telemarketing message.

52.    When Plaintiff answered several of Defendant's calls, Plaintiff experienced a noticeable pause and delay before a live representative began speaking.

53.    The pauses occurred after Plaintiff answered the calls but before any live representative came on the line, causing dead air and silence consistent with the operation of a predictive dialer or other automated calling technology.

54.    As a result, it appears that Defendant utilized predictive dialer technology that automatically dialed telephone numbers and routed answered calls to available sales agents.

55.    The delay Plaintiff experienced after answering the calls is consistent with predictive dialing systems, which place calls automatically and connect consumers to sales representatives only after a call has been answered.

56. The use of multiple originating telephone numbers, repeated telemarketing calls over a short period of time, substantially identical sales scripts, prerecorded prompts, and the noticeable delay before live representatives spoke are all indicia of the use of automated telephone dialing technology.

57. Plaintiff and all members of the Class, defined below, have been harmed by the acts of Defendant because their privacy has been violated and they were annoyed and harassed. Plaintiff and the Class Members were also harmed by use of their telephone power and network bandwidth and the intrusion on their telephone that occupied it from receiving legitimate communications.

## CLASS ACTION ALLEGATIONS

58. Plaintiff brings this action on behalf of himself and as a class action, pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure on behalf of the following classes:

**Florida Telephone Solicitation Act Autodial Class:** All persons in the U.S., who, (1) received a telephonic sales call regarding Defendant's goods and/or services made from or to Florida, (2) using the same dialing system that called the Plaintiff (3) within the four years prior to the filing of the Complaint through class certification.

**Internal Do Not Call Class**: All persons within the United States to whom: (1) Defendant (or a third-party acting on behalf of Defendant) (2) sent more than one telemarketing call from or on behalf of Defendant promoting Defendant's goods or services, (3) who were not current customers of the Defendant at the time of the calls, (4) who had previously asked for the calls to stop

and/or that Defendant was contacting a wrong number and (5) within the four years prior to the filing of the Complaint through class certification.

59. Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of his claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

60. Class members are identifiable through phone records and phone number databases that will be obtained through discovery.

61. Based on the automated nature of Defendant's calling campaign, there are likely hundreds of class members. Individual joinder of these persons is impracticable.

62. There are questions of law and fact common to Plaintiff and the proposed classes, including:

(i) Whether Defendant made multiple calls to Plaintiff and members of the Internal Do Not Call Registry Class;

(ii) Whether Defendant made such calls to Florida area codes;

(iii) Whether Defendant made such calls with express consent; and

(iv) Whether the Plaintiff and the class members are entitled to statutory damages because of the Defendant's actions.

11

63. Plaintiff's claims are based on the same facts and legal theories as class members' claims, and therefore are typical of the class members' claims.

64. Plaintiff is an adequate representative of the classes because his interests do not conflict with the class's interests, he will fairly and adequately protect the class's interests, and he is represented by counsel skilled and experienced in litigating class actions.

65. The Defendant's actions are applicable to the class and to Plaintiff.

**FIRST CAUSE OF ACTION**
**Violation of the Florida Telephone Solicitation Act,**
**Fla. Stat. § 501.059**
**On Behalf of Plaintiff and the Florida Telephone Solicitation Act Autodial Class**

66. The above allegations of paragraphs 1-65 are repeated and realleged herein as if set forth herein.

67. Plaintiff brings this claim individually and on behalf of the Florida Telephone Solicitation Act Autodial Class Members against Defendant.

68. It is a violation of the FTSA to "make or knowingly allow a telephonic sales call to be made if such call involves an automated system for the selection and dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called without the prior express written consent of the called party." Fla. Stat. § 501.059(8)(a).

69. A "telephonic sales call" is defined as a "telephone call, text message, or voicemail transmission to a consumer for the purpose of soliciting a sale of any consumer goods or services, soliciting an extension of credit for consumer goods or services, or obtaining information that will or may be used for the direct solicitation of a sale of consumer goods or services or an extension of credit for such purposes." Fla. Stat. § 501.059(1)(i).

70. Defendant failed to secure prior express written consent from Plaintiff and the Class Members.

71. In violation of the FTSA, Defendant made and/or knowingly allowed telephonic sales calls to be made to Plaintiff and the Class members without Plaintiff's and the Class members' prior express written consent.

72. Defendant made and/or knowingly allowed the telephonic sales calls to Plaintiff and the Class members to be made using an artificial or pre-recorded voice message and/or utilizing an automated system for the selection or dialing of telephone numbers.

73. As a result of Defendant's conduct, and pursuant to § 501.059(10)(a) of the FTSA, Plaintiff and Class members were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the Class members are also entitled to an injunction against future calls. *Id.*

13

**SECOND CAUSE OF ACTION**
**Violation of the Telephone Consumer Protection Act**
**(47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(d) on behalf of Plaintiff**
**and the Internal Do Not Call Class)**

74.    The above allegations of paragraphs 1-65 are repeated and realleged herein as if set forth herein.

75.    The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by sending telemarketing calls, except for emergency purposes, to Plaintiff and members of the Internal Do Not Call Class despite previously requesting that such calls stop.

76.    Defendant's violations were negligent, willful, or knowing.

77.    As a result of Defendant's violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Internal Do Not Call Class are entitled to an award of up to $500 and in damages for each and every call sent and up to $1,500 in damages if the calls are found to be willful.

**PRAYER FOR RELIEF**

Plaintiff requests the following relief:

A.    That the Court certify the proposed classes;

B.    That the Court appoints Plaintiff as class representative;

E.    That the Court appoint the undersigned counsel as counsel for the classes;

14

F.      That the Court enter a judgment permanently enjoining Defendant from the conduct above;

G.      That the Court enter a judgment awarding Plaintiff and all class members statutory damages of $500 for each negligent violation of the TCPA or FTSA and $1,500 for each knowing or willful violation; and

H.      That the Plaintiff and all class members be granted other relief as is just and equitable under the circumstances.

## **DEMAND FOR JURY TRIAL**

Plaintiff requests a jury trial as to all claims of the complaint so triable.


PLAINTIFF, on behalf of himself and others similarly situated.


Dated: May 29, 2026.          Respectfully submitted,

_s/Avi R. Kaufman_
Avi R. Kaufman*
kaufman@kaufmanpa.com
KAUFMAN P.A.
237 S. Dixie Hwy, 4th Floor
Coral Gables, FL 33133
Telephone: (305) 469-5881

*Attorney for Plaintiff and the putative Classes*

*Lead Attorney

15